IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO: 5:24-cv-35

LESLIE RIDELL RUSSELL,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant USAA CASUALTY INSURANCE COMPANY ("USAA") gives notice of the removal to this Court of the case styled <u>LESLIE RIDELL RUSSELL v. USAA CASUALTY INSURANCE COMPANY</u>, Case No. 2024-CA-000017, filed in the Circuit Court in the Fifth Judicial Circuit in and for Sumter County, Florida. As grounds for this removal, USAA states the following:

1. On January 9, 2024, Plaintiff, LESLIE RIDELL RUSSELL ("Plaintiff") filed a Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County seeking damages against USAA Casualty Insurance Company for underinsured motorist ("UIM") benefits. USAA was served with the Complaint on January 18, 2024. *The Complaint is attached as Exhibit "A."*

2. The Complaint lists damages in excess of $50,000. *See* Exh. A, ¶ 1.

3. USAA issued an Automobile Policy ("Policy") which provided insurance to Plaintiff with stacked uninsured motorist benefits, in the amount of $600,000.00 per person, or $300,000.00 per person multiplied by two vehicles. *The Declarations Page of the Policy is attached as Exhibit "B."*

4. On March 13, 2020, Plaintiff allegedly sustained injuries due to a motor vehicle accident with a negligent driver. *See* Exhibit A, ¶ 5-8; 15.

5. According to Plaintiff's Complaint, Plaintiff is a resident of Sumter County, Florida. *Id.*, ¶ 2.

6. Prior to filing the instant suit, Plaintiff filed a Civil Remedy Notice ("CRN") on October 6, 2023. *The CRN is attached as Exhibit "C."*

7. The CRN demands USAA tender its policy limits of $600,000.00 to cure its alleged insurer violations. *See Exhibit C*, p. 3.

8. Defendant USAA removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9. "A district court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000." *Noyes v. Universal Underwriters Ins. Co.*, 3 F. Supp. 3d 1356, 1359 (M.D. Fla. 2014). *See also Lett v. Wells Fargo Bank, N.A.*, 233 F. Supp. 3d 1330, 1335 (S.D. Fla. 2016).

**I.       Plaintiff and USAA are of diverse citizenship.**

10.    Plaintiff is a citizen or Sumter County, Florida according to the Complaint. *See Exhibit A*.

11.    USAA is a foreign corporation, incorporated in the State of Texas, with its principal place of business in San Antonio, Texas.

12.    Thus, for the purpose of determining whether diversity jurisdiction exists, USAA is a citizen of Texas. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

**II.      The amount in controversy is in excess of $75,000.00, exclusive of costs and interest.**

13.    For purposes of determining whether the $75,000 threshold for diversity jurisdiction exists, courts have determined that jurisdiction is proper where the jurisdictional amount is "facially apparent" from the complaint itself. *Williams v. Best Buy Co.*, 269 F. 3d 1316 (11th Cir. 2001).

14.    Plaintiff's Complaint alleges she is seeking damages in excess of $50,000.00. However, the full extent of Plaintiff's damages in this lawsuit stem in part from USAA's refusal to pay the $600,000.00 UIM policy limits, as evidenced by Plaintiff's demand in the CRN. *See Exhibit C*.

15. Therefore, the amount in controversy exceeds the $75,000.00 jurisdictional amount, exclusive of costs and interest.

### III. Conclusion

16. This Notice of Removal is timely filed within thirty days of the date of service of the original Complaint, which occurred on January 18, 2024. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

17. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a) because it is an action between citizens of different states (Plaintiff, Florida and USAA, Texas) and the amount in controversy exceeds the sum of $75,000.00.

18. Venue is proper in this Court because the case is being removed from the Circuit Court of the Fifth Judicial Circuit of Florida. 28 U.S.C. §§ 1441(a) and 1446(a).

19. USAA will file with the Clerk of Court for the Circuit Court in and for Sumter County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d). *Defendant's Notice of Filing Notice of Removal is attached hereto as Exhibit "D."*

20. Copies of all available process, pleadings, and orders served upon or by USAA in the state court case are attached hereto as *Exhibit "E."*

**WHEREFORE**, Defendant USAA CASUALTY INSURANCE COMPANY removes this action from the Circuit Court of the Fifth Judicial Circuit in and for

Sumter County, Florida to this Honorable Court and respectfully requests that this Honorable Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441.

<u>Respectfully submitted this 25th day of January, 2024.</u>

*[signature]*

_____
NICHOLAS A. ROBINSON, ESQUIRE
Florida Bar No. 1002816
Fisher Rushmer, P.A.
Post Office Box 3753
200 E. Robinson Street, Suite 800
Orlando, FL 32801
407/843-2111; Fax 407/422-1080
Email: nrobinson@fisherlawfirm.com
Secondary email: eservice-nar@fisherlawfirm.com
Alternate email: nhwang@fisherlawfirm.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to: Bartley G. Vickers, Esquire (Attorney for Plaintiff), Sunshine State Law Firm, 631 S. Orlando Avenue, 4th Floor, Winter Park, FL 32789 (bart@sunshinefirm.com, tara@sunshinefirm.com), on this 25th day of January, 2024.

*[signature]*

_____
**ATTORNEY**